## St. Louis, P. & N. R. Co. v. Daniel J. Cronin.

1. ORDINARY CARE—*Railroads in Course of Construction.*—In an action for personal injuries received by a switchman while in the employ of a railroad in the course of construction, an instruction that if the road at the point where the injury occurred, was, at such time, at that period of construction usual and customary in roads under good management, the plaintiff could not recover is proper, and its refusal

where the point is not sufficiently covered by other instructions is reversible error.

**Action in Case**, for personal injuries. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1899. Reversed and remanded. Opinion filed February 27, 1900.

CONKLING & GROUT, attorneys for appellant.

PATTON, HAMILTON & PATTON, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Appellee sued appellant in an action on the case for negligence in failing to keep its switch track filled between the ties, whereby appellee, in the ordinary discharge of the duties of his employment as brakeman and switchman, while coupling cars, stepped between the ties, in consequence of which his arm was passed between the dead-woods about the couplings of the cars and was so badly injured that it required amputation and was thereby lost to him. A trial by jury resulted in a verdict and judgment against appellant for $5,000, to reverse which it appeals, and for error urges that the verdict is against the evidence and that the court refused to properly instruct the jury.

It appears that appellee at the time he received his injury was engaged in the service of appellant as brakeman and switchman upon a freight and construction train between Springfield and Pekin, and north of the latter place as far as the road then extended. The railroad was not at this time in operation except for local freight between the points above mentioned, but was in progress of construction only. The track in the latter part of January had been laid between two and three miles north of Pekin, and at this point an extra or switch track had been laid for the purpose of unloading steel for further track construction beyond, and the use of the cars from Pekin to this switch track was for such purposes. The spaces between the ties upon which the switch track was laid, were not filled or

leveled with the top of the ties, and for such reason, it is alleged, the use of the switch in that condition was dangerous to appellee while engaged in his ordinary duties of coupling cars, and in this respect it is argued appellant was guilty of negligence. Ordinarily, or when a railroad is in operation, it is not contended that a switch track in such condition would not be a fault of the master, but the insistence here is that the road at this point, being merely in an incomplete condition of construction, and such fact being known to appellee, it was one of the usual hazards of his employment; and further, that the track at this point was constructed in the usual and customary manner that tracks are generally constructed, under good management, in the period of construction then reached. These points composed the vital and controlling issues of the case, and required the court, as far as requested, to properly advise the jury in its instructions regarding the same. Appellant asked the court, in effect, to instruct the jury that if the road at the point where the injury occurred, was at such time at that period of construction in the usual and customary condition of roads under good management, the plaintiff could not recover. The appellant was charged with a failure to use ordinary or reasonable care in its construction of a safe track for the use of appellee. What would be ordinary or reasonable care, is, of course, a question of fact, to be determined by all the evidence and the circumstances disclosed. If the track was in the usual and customary condition of similar tracks of roads under good management at that period of construction, then appellant had used ordinary or reasonable care; for that which is usual and customary under good management, is the same as ordinary care, even if not a stronger expression. The instruction given by the court did not sufficiently cover this point, and hence we think the court erred in its refusal to give the instruction asked, and for this the judgment of the Circuit Court will be reversed and the cause remanded.